UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Merrimack Congregation of
Jehovah's Witnesses

   v.                                              Civil No. 10-cv-581-JD
                                             Opinion No. 2011 DNH 054

Town of Merrimack and Merrimack
Zoning Board of Adjustment

O R D E R

After the Merrimack Zoning Board of Adjustment ("ZBA") denied the application of the Merrimack Congregation of Jehovah's Witnesses ("Congregation") for a special exception to build a church in a residential district, the Congregation filed suit, contending the decision was unconstitutional. The Congregation moved for a preliminary injunction to bar the ZBA from enforcing the ordinance that requires a special exception. The magistrate judge held a hearing and issued a report and recommendation that the preliminary injunction be denied. The Congregation objects to the report and recommendation, and the Town of Merrimack and the ZBA filed a response.

Standard of Review

A party may file an objection to the magistrate judge's proposed findings and recommendations within fourteen days after

service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  When an objection is filed, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1).  "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

In deciding whether to grant a preliminary injunction, the court considers four factors:  "(1) whether [the moving party] ha[s] shown a likelihood of success on the merits, (2) whether [the moving party] ha[s] shown that it would suffer irreparable harm if the injunction was denied, (3) the balance of the relevant hardships, and (4) any impact that the court's ruling may have on the public interest."  ANSYS, Inc. v. Computational Dynamics N. Am., Ltd., 595 F.3d 75, 78 (1st Cir. 2010).  The likelihood of success is the most important factor.  Id.


Background

The Congregation wants to build a meeting place, known as a "Kingdom Hall," in the Town of Merrimack.  The Town of Merrimack Zoning Ordinance and Building Code ("Zoning Ordinance") permits churches to locate in the General Commercial District and in two Industrial Districts.  The Congregation, however, wants to build

the Kingdom Hall on an 11.9 acre parcel of land at 63 Wire Road, which is in a Residential District.

The Zoning Ordinance requires a special exception to build a church in a Residential District.  Section 2.02.1(B).  Section 2.02.1(B)(1) provides that the "Zoning Board of Adjustment may grant a special exception for the following use of lands within the residential district:  1. Churches, provided that it finds that all of the following conditions are met:

> a)  The specific site is an appropriate location for such a use or uses in terms of overall community development.
> b)  The use as developed will not adversely affect the neighborhood and shall produce no diminution of real estate values in the neighboring area.
> c)  There will be no nuisance or serious hazard to vehicles or pedestrians.
> d)  That an adequate parking area is provided for motor vehicles on the premises.
> e)  A buffer shall be erected and maintained to screen existing residential uses.  Buffers may be fence screens, dense plantings of suitable trees and shrubbery, or naturally occurring shrubs and trees.
> f)  The use as developed will be restricted for church purposes only.  No commercial use of a church within the residential zone will be allowed.

On September 8, 2010, the Congregation applied to the ZBA for a special exception to allow construction of a Kingdom Hall on Wire Road.  The ZBA held a hearing on September 23, 2010, and voted to deny the application.  The Congregation's request for a rehearing was denied on November 18, 2010.  This suit followed.

The Congregation's motion for a preliminary injunction was referred to the magistrate judge for a report and recommendation. The magistrate held a hearing on January 19, 2011. On January 24, 2011, the magistrate issued her report and recommendation that the motion for a preliminary injunction be denied because the Congregation had not shown a likelihood of success on the merits of its constitutional challenge to the Zoning Ordinance.

## Discussion

The Congregation challenges the report and recommendation that the preliminary injunction be denied because the Congregation failed to show a likelihood of success on the merits. The court's de novo review is limited to the issues specifically raised in the Congregation's objection. Merrimack and the ZBA support the report and recommendation.

A.  Nature of the Relief Requested

The Congregation contends that the magistrate judge imposed a higher preliminary injunction standard based on a misconception that the Congregation was seeking mandatory injunctive relief. A mandatory injunction "requires affirmative action by the non-moving party in advance of trial . . . and alters rather than preserves the status quo . . . ." Braintree Labs., Inc. v.

4

Citigroup Global Mkts. Inc., 622 F.3d 36, 41 (1st Cir. 2010). Because such relief alters the status quo, a mandatory injunction should be granted only "when the exigencies of the situation demand such relief," that is, when the relief is necessary to prevent injury.  Id.

The Congregation argues that it is seeking to enjoin the town and the ZBA from enforcing the special exception requirement against it.  Framed in those terms, the Congregation asserts that it is seeking a traditional, prohibitory injunction.  Despite the Congregation's characterization of its request, the effect of the injunctive relief it seeks would be to require the town to allow the Congregation to build a church in a residential district without a special exception, which is contrary to the existing ordinance and would alter the status quo.  Therefore, the injunctive relief the Congregation seeks is mandatory.

The magistrate judge, however, denied the Congregation's motion based on its failure to show a likelihood of success, not because the Congregation failed to show that the exigencies in this situation required injunctive relief.  Therefore, the standard for a mandatory injunction did not affect the outcome.

B.  <u>Likelihood of Success</u>

The Congregation moved for a preliminary injunction on the ground that Section 2.02.1 of the Zoning Ordinance is unconstitutional because "as applied to churches or other uses protected by the First Amendment, [the ordinance] constitutes a facially unconstitutional prior restraint."  Motion, dkt. 5, ¶ 3. In its supporting memorandum, the Congregation asked the court "to enjoin the Town of Merrimack's enforcement of Section 2.02.1 of the Merrimack Zoning Ordinance as a facially unconstitutional prior restraint in violation of the First Amendment to the United States Constitution."  Mem., dkt. 5-1, at 1.  Although the Congregation did not specify in the complaint which First Amendment rights it alleged were violated by Section 2.02.1, the Congregation explained for purposes of its motion for a preliminary injunction that it intended to assert a hybrid combination of First Amendment rights of speech, assembly, and religious exercise.  Therefore, the likelihood of success factor is considered only in the context of the Congregation's claim that the ordinance is facially unconstitutional as a prior restraint on free speech, religion, and association.[1]

---

[1] To the extent the Congregation suggests a broader claim in its objection to the magistrate judge's report and recommendation, any new grounds and reasoning will not be considered.  See <u>Santiago v. Canon U.S.A., Inc.</u>, 138 F.3d 1, 4

6

1. <u>Hybrid Rights</u>

At the hearing, the Congregation argued that it was asserting a hybrid combination of First Amendment rights, as suggested in <u>Employment Div., Or. Dep't of Human Resources v. Smith</u>, 494 U.S. 872, 881-82 (1990).  In <u>Smith</u> the Court noted that "[t]he only decisions in which [the Court had] held that the First Amendment bars application of a neutral, generally applicable law to religiously motivated action have involved not the Free Exercise Clause alone, but the Free Exercise Clause in conjunction with other constitutional protections . . . ."  <u>Id.</u> at 881.  The Court also noted that strict scrutiny had been applied when parental interests were combined with free exercise of religion, as in <u>Wisconsin v. Yoder</u>, 406 U.S. 205 (1972).  <u>Smith</u>, 494 U.S. at 881-82 & n.1.

After discussing the combination of rights cases, the Court stated:  "The present case does not present such a hybrid situation, but a free exercise claim unconnected with any communicative activity or parental right.  Respondents urge us to hold, quite simply, that when otherwise prohibitable conduct is accompanied by religious convictions, not only the convictions but the conduct itself must be free from governmental regulation.

---

(1st Cir. 1998); <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 2987).

We have never held that, and decline to do so now." Id. at 882. The circuit courts disagree about whether that discussion in Smith is dicta. See Combs v. Homer-Center Sch. Dist., 540 F.3d 244-47 (3d Cir. 2008) (citing cases); see also McCullen v. Coakley, 573 F. Supp. 2d 382, 419 n.266 (D. Mass. 2008).

To the extent Smith is understood to provide support for hybrid rights claims, strict scrutiny was addressed only in the combination of parental rights and free exercise rights, as presented in Yoder. See Parker v. Hurley, 514 F.3d 87, 98-99 (1st Cir. 2008). Section 2.20.1 on its face does not implicate parental rights, and the Congregation does not raise parental rights. In addition, to succeed on a hybrid rights claim, a plaintiff must show a constitutional burden on a First Amendment right. Parker, 514 F.3d at 99; Civil Liberties for Urban Believers v. Chicago, 342 F.3d 752, 765-66 (7th Cir. 2003). Therefore, the Congregation's theories that Section 2.20.1 violates First Amendment rights are considered as follows.

2. Freedom of Expression

The First Amendment states that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const., amend. I. Constitutionally protected "speech" includes certain symbolic speech and expressive conduct. See, e.g., Rumsfeld v. Forum for

8

Academic & Institutional Rights, Inc., 547 U.S. 47, 66-69 (2006); Virginia v. Black, 538 U.S. 343, 359-60 (2003); Texas v. Johnson, 491 U.S. 397, 406 (1989); Spence v. Washington, 418 U.S. 405, 409-10 (1974); United States v. O'Brien, 391 U.S. 367, 376 (1968).

Section 2.02.1 conditions construction of a church in a Residential District on satisfying certain factors. Therefore, the restricted conduct is constructing a building to be used for religious purposes in a Residential District.[2] Courts have held that, absent other expressive conduct, limitations on the geographical location of a religious institution do not implicate the right to free expression under the First Amendment. See, e.g., Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 163 (3d Cir. 2002) (noting that the act of constructing houses of worship implicates the free exercise clause not the free speech clause and citing cases); Grace Church of Roaring Fork Valley v. Bd. of County Comm'rs of Pitkin County, Colo., 742 F. Supp. 2d 1156, 1167 (D. Colo. 2010) (holding, in part, that "denial of the Church's proposal to build a worship facility at a particular location did not improperly regulate the Church's

---

[2] The cases the Congregation cites to show that religious speech is protected under the free speech clause are inapposite to the circumstances in this case. Section 2.02.1 restricts the location of churches.

9

dissemination of its religious message"); Adhi Parasakthi Charitable, Med., Educ., & Cultural Soc. of N. Am., 721 F. Supp. 2d 361, 372-73 (E.D. Pa. 2010); Dixon v. Town of Coats, 2010 WL 2347506, at *7 (E.D.N.C. June 9, 2010); C.L.U.B. v. Chicago, 157 F. Supp. 2d 903, 915-16 (N.D. Ill. 2001); cf. Cornerstone Bible Church v. City of Hastings, 948 F.2d 464, 467 (8th Cir. 1991) (considering location of church under right to free speech with respect to time, place, and manner restriction); Vineyard Christian Fellowship of Evanston v. Evanston, 250 F. Supp. 2d 961, 981 (N.D. Ill. 2003) (noting disagreement about whether zoning regulation of the location of a church implicates speech but following Cornerstone Bible Church).

Despite some contrary authority, the court is persuaded that the location of a church, absent other expressive issues, does not implicate the right to free expression.

3. Right to Association

The First Amendment also protects the right to association. Baird v. State Bar of Ariz., 401 U.S. 1, 6 (1971). "The Court has identified two types of 'freedom of association' that merit constitutional protection: (I) 'choices to enter into and maintain certain intimate human relationships' and (ii) association 'for the purpose of engaging in those activities

protected by the First Amendment.'"  URI Student Senate v. Narragansett, 631 F.3d 1, 12-13 (1st Cir. 2011) (quoting Roberts v. U.S. Jaycees, 468 U.S. 609, 617-18 (1984)).

Stated only as part of a heading in its objection, the Congregation faults the magistrate judge for failing to consider its right to association.  In the report and recommendation, the magistrate noted that the Congregation raised the rights to free speech, assembly, and religious exercise in a heading of its memorandum in support of its motion for a preliminary injunction.  The magistrate rejected the hybrid combination of rights theory based on the Congregation's reliance on Hollywood Cmty. Synagogue, Inc. v. City of Hollywood, 436 F. Supp. 2d 1325 (S.D. Fla. 2006), which dealt with only the right to religious exercise.  Therefore, it does not appear that the Congregation raised a separate associational right in support of its likelihood of success in its motion for a preliminary injunction.

Further, the Congregation does not develop its associational rights theory in its objection to the report and recommendation.  Instead, in that section of its memorandum, the Congregation argues that it has rights to both free speech and free exercise of religion and cites congressional intent in passing the Religious Land Use and Institutionalized Persons Act.  The court

11

cannot consider an undeveloped associational rights claim that was not properly raised in the first instance.

### 4. Free Exercise of Religion

In the report and recommendation, the magistrate judge addressed the Congregation's claim that Section 2.20.1 constitutes a facially unconstitutional prior restraint on the right to free exercise of religion.  The report and recommendation rejected the reasoning in Hollywood Cmty. Synagogue, 436 F. Supp. 2d at 1335-38, and concluded, based on Wirzburger v. Galvin, 412 F.3d 271 (1st Cir. 2005), along with Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch, 510 F.3d 253 (3d Cir. 2007), and Lakewood, Ohio, Congregation of Jehovah's Witnesses, Inc. v. City of Lakewood, 699 F.2d 303 (6th Cir. 1983), that construction of a church building in a residential district, standing alone, has no religious significance and does not affect a group's ability to practice its religion.  As a result, the magistrate concluded that the restriction imposed by Section 2.20.1 did not burden the free exercise of religion.

In its objection, the Congregation again relies on Hollywood Cmty. Synagogue.  For the reasons stated in the report and recommendation, the court is not persuaded that Hollywood

provides a legally correct analysis of the right to free exercise of religion.  Most importantly, in the context of a facial challenge, the restriction imposed by Section 2.20.1 on the construction of a church building in a Residential District does not burden the free exercise of religion.  <u>See</u> <u>Lighthouse</u>, 510 F.3d at 275; <u>Lakewood Congregation</u>, 699 F.2d at 305-07.

Because the Congregation has failed to show that the zoning restriction burdens the free exercise of religion, there is no need to consider the Congregation's prior restraint argument.  The Congregation has not shown a likelihood of success on Count I, which was the basis for its motion for a preliminary injunction.  Therefore, it has not satisfied the first requirement for a preliminary injunction.

## <u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion for a preliminary injunction (document no. 5) is denied.  The report and recommendation (document no. 12) is approved and adopted as discussed and supplemented by this decision.

SO ORDERED

                                      /s/ Joseph A. DiClerico, Jr.
                                      Joseph A. DiClerico, Jr.
                                      United States District Judge

March 31, 2011

cc:   Elizabeth R. Jones, Esquire
      T. David Plourde, Esquire