```
               UNITED STATES DISTRICT COURT FOR THE
                     DISTRICT OF NEW HAMPSHIRE
```

Merrimack Congregation of
Jehovah's Witnesses

    v.                                Civil No. 10-cv-581-JD

Town of Merrimack and
Merrimack Zoning Board of Adjustment


O R D E R

The Merrimack Congregation of Jehovah's Witnesses ("Congregation") applied for a special exception to build a church in a residential district, which was denied by the Merrimack Zoning Board of Adjustment ("ZBA"). The Congregation filed suit, alleging that the Merrimack zoning ordinance, requiring a special exception for a church to locate in a residential district, was unconstitutional and violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The court denied the Congregation's motion for a preliminary injunction, approving the magistrate judge's report and recommendation.

The parties have filed a joint motion to approve a consent decree. In support, the parties explain that they have entered a settlement agreement, which was filed with the motion. They also represent that a hearing is not necessary for the purpose of approving the consent decree. In the event that the court were

to determine a hearing is necessary, the parties have requested that the court order notice requirements which mirror the requirements for a ZBA hearing on a request for a special exception.

The proposed consent decree begins with a recitation of "whereas" statements. In that section, the parties provide the procedural history of the case and state that the ZBA's primary concern with the Congregation's application was traffic, that even with a special exception the Congregation would still have to apply for and receive site plan approval which addresses traffic concerns, that litigation of the case would be expensive with uncertain results, and that 42 U.S.C. § 2000cc-3(e) authorizes the ZBA to grant the Congregation a special exception to avoid litigation. The parties also state that they want to settle the case and have the traffic issues addressed by the Planning Board. The proposed consent decree provides: "The special exception applied for by the Merrimack Congregation of Jehovah's Witnesses is hereby ordered granted without further action required by the Zoning Board of Adjustment to effectuate the special exception."

The only authority cited by the parties to support the consent decree is § 2000cc-3(e) of RLUIPA that provides:

> A government may avoid the preemptive force of any provision of [RLUIPA] by changing the policy or practice that results in a substantial burden on religious exercise, by retaining the policy or practice and exempting the substantially burdened religious exercise, by providing exemptions from the policy or practice for applications that substantially burden religious exercise, or by any other means that eliminates the substantial burden.

Section 2000cc-3(e) affords governmental bodies "discretion to take corrective action" for the purpose of avoiding the consequences of violating RLUIPA.  Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 762 (7th Cir. 2003); Mintz v. Roman Catholic Bishop of Springfield, 424 F. Supp. 2d 309, 325-26 (D. Mass. 2006).  However, no ruling or agreement in this case establishes that the Merrimack ordinance which required the Congregation to apply for a special exception "results in a substantial burden on religious exercise."  Therefore, on its face, § 2000cc-3(e) does not apply in the particular circumstances of this case.

The parties cite no authority under which this court may order the ZBA to issue a special exception to the Congregation.  Ordinarily, municipalities apply zoning ordinances and issue special exceptions under local and state laws.  Federal courts avoid engaging in such matters absent a violation of federal law.  See Ogden Fire Co. No. 1 v. Upper Chichester TP, 504 F.3d 370, 378-79 (3d Cir. 2007) (applying the Telecommunications Act);

Creative Env'ts, Inc. v. Estabrook, 680 F.2d 822, 831 (1st Cir. 1982). Abutters and others in Merrimack may have legal interests under state law in the protections provided by the ordinance. See, e.g., Indus. Commc'ns & Elecs., Inc. v. Town of Alton, 646 F.3d 76, 80 (1st Cir. 2011). Further, a consent decree cannot be used as a means for local governments to avoid state law, including the requirements of zoning laws. League of Residential Neighborhood Advocates v. City of Los Angeles, 498 F.3d 1052, 1055-56 (9th Cir. 2007).

Therefore, the parties have not provided sufficient support for the proposed consent decree to warrant approval by the court.

## Conclusion

For the foregoing reasons, the parties' joint motion to approve a consent decree (document no. 25) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 11, 2011

cc: Garry R. Lane, Esquire
    Joseph W. Mead, Esquire
    Michael J. Tierney, Esquire