UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Merrimack Congregation
of Jehovah's Witnesses

    v.                              Civil No. 10-cv-581-JD

Town of Merrimack and
the Merrimack Zoning
Board of Adjustment


O R D E R

      The Merrimack Congregation of Jehovah's Witnesses ("Congregation") applied for a special exception to build a church in a residential district, which was denied by the Merrimack Zoning Board of Adjustment ("ZBA").  The Congregation filed suit, challenging the Merrimack zoning ordinance as a violation of the First and Fourteenth Amendments of the federal constitution, the New Hampshire Constitution, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  The Congregation also challenged the ZBA's decision as a violation of RLUIPA and an unlawful action under New Hampshire Revised Statutes Annotated § 677:5.

      After the court denied the Congregation's motion for a preliminary injunction, the parties reached a settlement and filed a joint motion to approve their consent decree.  Among other things, as proposed, the consent decree ordered the special

exception the Congregation sought from the ZBA to be granted without further action by the ZBA.  The court concluded that the parties had not provided sufficient support for their proposed consent decree with respect to the court's authority to order the special exception.  The joint motion for a consent decree was denied.

The parties now have filed a joint motion to stay the case for sixty days.  In their motion, the parties represent that the ZBA intends to present the parties' proposed settlement at a meeting, following notice to abutters and the public.  After the meeting, the ZBA will decide whether to enter the settlement and grant the special exception.  If the ZBA enters the settlement, the parties would enter a stipulation of dismissal with prejudice in this case.  If the ZBA does not enter the settlement, the parties would ask the court to lift the stay and the case would proceed here.

Given the current circumstances, the case appears to be moot or unripe.  A case becomes moot when the parties lose a legally cognizable interest in the outcome.  <u>Chico Serv. Station, Inc. v. Sol Puerto Rico Ltd.</u>, 633 F.3d 20, 35-36 (1st Cir. 2011).  "In determining whether a case is ripe for review, [the court] must examine 'both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'"

City of Fall River v. F.E.R.C., 507 F.3d 1, 6 (1st Cir. 2007) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1977)); see also Grace Comty. Church v. Lenox Twp., 544 F.3d 609, 613-18 (6th Cir. 2008) (discussing ripeness in context of RLUIPA claims when further local proceedings are available).

    Here, the parties have agreed to pursue the special exception issue through a local ZBA proceeding. They no longer seek a decision on the claims brought in this action, which pertain to the ZBA's prior rejection of the Congregation's application for a special exception and the application of the zoning ordinance under the circumstances presented at that time. If the parties fail to enter their settlement agreement after the new ZBA proceeding, any claims that the Congregation may have will arise from that proceeding and the circumstances presented at that proceeding.

    When claims are moot or unripe, the court must dismiss the action. Chico Serv., 633 F.3d at 35 (mootness); Tenoco Oil Co. v. Dep't of Consumer Affairs, 876 F.2d 1013, 1028-29 (ripeness). Therefore, the court will dismiss the claims in this case without prejudice unless either or both of the parties can show cause why dismissal is inappropriate in the present circumstances.

<u>Conclusion</u>

For the foregoing reasons, the parties' joint motion to stay the case (document no. 27) is denied.  The court will dismiss the claims without prejudice unless either or both of the parties can show cause why that should not occur.  Memoranda, not to exceed ten pages, to show cause shall be filed on or before **November 18, 2011**.

SO ORDERED.

                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

November 1, 2011

cc:   Gary R. Lane, Esquire
       Joseph W. Mead, Esquire
       Michael J. Tierney, Esquire